**Louis Anthony MANNA, Appellant**

v.

**Warden Paul SCHULTZ.**

**No. 09–4255.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 31, 2009.

Jan. 8, 2010.

Louis Anthony Manna, Fairton FCI, Fairton, NJ, pro se.

---

Susan J. Steele, Esq., Office of United States Attorney, Newark, NJ, for Warden Paul Schultz.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Louis Anthony Manna, appeals from an order of the United States District Court for the District of New Jersey dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 1989, a jury found Manna guilty of racketeering and related offenses. The District Court subsequently sentenced him to an aggregate term of 80 years and a fine of $250,000.00. This Court affirmed his convictions and sentences on direct appeal, *United States v. Manna,* 919 F.2d 733 (3d Cir.1990) (table), and the United States Supreme Court denied his petition for writ of certiorari. *Manna v. United States,* 499 U.S. 949, 111 S.Ct. 1418, 113 L.Ed.2d 471 (1991).

In April 1997, Manna filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Manna claimed that his trial counsel had rendered ineffective assistance, and that the police and prosecution had engaged in various forms of misconduct. The District Court denied the motion on its merits. (D.N.J. No. 97–cv–2034.) Manna moved for reconsideration, but the court denied his request. We denied Manna's application for a certificate of appealability. (C.A. No. 98–5131.)

Next, in September 2003, Manna filed a motion to compel discovery. In his motion, Manna requested information pertaining to the District Judge's impartiality during his § 2255 proceedings. The District Court construed the motion as a second motion to vacate, set aside, or correct his sentence pursuant to § 2255, and denied it. Upon review, this Court found that the motion instead implicated Rule 60(b)(6) of the Federal Rules of Civil Procedure, but nonetheless denied relief. (C.A. No. 04–4282.) In 2005, Manna filed another Rule 60(b) motion, which essentially repeated the allegations of his first. The District Court again denied relief, and we again denied Manna's request for a certificate of appealability.

Meanwhile, Manna filed in this Court an application for authorization to file a second or successive habeas petition. Manna claimed that he had newly discovered evidence that one of the government's witnesses at trial had been working as a government informant at the time. According to Manna, this information had been concealed from the defense and was not revealed until the witness testified in an unrelated trial in 2006. By order entered June 18, 2007, we denied his request on the ground that his claims did not rest on "a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." (C.A. No. 07–2456, citing *Gonzalez v. Crosby,* 545 U.S. 524, 530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).)

In March 2009, Manna filed the present habeas petition under 28 U.S.C. § 2241 in the District Court alleging that he is innocent of the racketeering and related crimes for which he was convicted. In support of his petition, Manna relies on the same allegations that formed the basis of his previous motions. By order entered October 20, 2009, the District Court dismissed the petition. The present appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. *See Ruggiano v. Reish,* 307 F.3d 121, 126–27 (3d Cir.2002). We will affirm.

■ A federal prisoner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002). A § 2255 motion is not "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle,* 290 F.3d at 539, or because the petitioner cannot meet the gatekeeping requirements of § 2255, *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002).

■ As noted above, Manna has already filed at least one unsuccessful motion pursuant to § 2255 in the sentencing court, and an application to this Court for permission to file another, both of which essentially raised the same claims he raises here. The fact that Manna cannot prevail under § 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle,* 290 F.3d at 539. Therefore, the District Court properly dismissed Manna's petition pursuant to 28 U.S.C. § 2241.

Accordingly, because there is no substantial question presented by this appeal, we will summarily affirm. *See* Third Cir. LAR 27.4; I.O.P. 10.6.