CLD-116                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4170
_____

JUAN MUZA,

                                                Appellant

v.

ROBERT WERLINGER, Warden, F.C.I. Loretto
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00228)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 17, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: March 1, 2011)
_____

OPINION
_____

PER CURIAM

        Juan Muza, a federal prisoner incarcerated at the Federal Correctional Institution

in Loretto, Pennsylvania, appeals from the District Court's dismissal of his habeas

petition.  For the following reasons, we will summarily affirm. See 3d Cir. LAR 27.4; 3d

1

Cir. IOP 10.6.

## I.

Muza was convicted by a jury of various drug-related crimes in the Southern District of Alabama. On September 8, 2000, he was sentenced to 292 months of imprisonment. His conviction and sentence were affirmed on appeal. Thereafter, Muza filed a motion to vacate, pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court. The Court of Appeals for the Eleventh Circuit did not issue a certificate of appealability and later denied Muza's application to file a second § 2255 motion. During the next several years, Muza filed several items in the sentencing court, including a petition for a writ of audita querela and an "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(c)(3)," both of which the District Court denied as second or successive § 2255 motions. Muza v. United States, Civ. No. 10-659, 2011 WL 98522 (S.D. Ala. Jan. 10, 2011), adopting, 2010 WL 5572812 (S.D. Ala. Dec. 17, 2010); United States v. Muza, Crim. No. 99-74, 2009 WL 2905569 (S.D. Ala. Sept. 4, 2009).

His prior attempts at relief having been unsuccessful, Muza filed a habeas petition in the Western District of Pennsylvania, pursuant to 28 U.S.C. § 2241. In that petition, Muza asserted that his "continuing confinement" was "unlawful" because (1) one of the officers who testified against him at trial, John Stuckey, was subsequently indicted for various federal crimes in connection with corrupt police practices; (2) the sentencing court determined the quantity of drugs involved in Muza's crimes without forensic evidence; and (3) the sentencing court's determination of drug quantity and application of certain sentencing enhancements violated Apprendi v. New Jersey, 530 U.S. 466 (2000).

Muza also claimed to be actually innocent.

The District Court summarily denied Muza's petition, holding that Muza failed to establish that § 2255 was an ineffective or inadequate remedy such that relief under § 2241 would be available to him. It further concluded that the petition was barred by the abuse of the writ doctrine. Muza timely appealed.[1]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and § 2253(a). "We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings." Manna v. Schultz, 591 F.3d 664, 665 (3d Cir. 2010) (per curiam). We may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Accordingly, "unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 [attacking a prisoner's conviction or sentence] cannot be entertained by the court." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); see also 28 U.S.C. § 2255(e). That standard is met "only where the petitioner demonstrates that some limitation of scope or procedure would

---

[1]Muza filed a motion for a certificate of appealability in the District Court, which has been treated as a timely notice of appeal. Federal prisoners seeking relief under § 2241 do not require a certificate of appealability to proceed with an appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en

3

prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim," and is not met simply because a § 2255 motion has been or would be unsuccessful. Cradle, 290 F.3d at 538-39; see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Section 2255 clearly provides Muza with a sufficient and adequate means of pursuing his collateral attack on his convictions and sentence. Furthermore, the facts underlying Muza's claims were known to him at the time he was sentenced such that he could have pursued all of his claims in his initial § 2255 motion.[2] Indeed, it appears that Muza raised the issue of Stuckey's misconduct in his initial § 2255 motion and challenged the sentencing court's determination of drug quantity on direct appeal. See United States v. Muza, 232 F. App'x 934, 935 (11th Cir. 2007) ("We affirmed Muza's convictions and sentence and found no clear error in the district court's determination of drug quantity."). That Muza's claims were previously unsuccessful does not entitle him to an opportunity to relitigate those claims through § 2241. See Manna, 591 F.3d at 665 ("A § 2255 motion is not 'inadequate or ineffective' merely because the sentencing court has denied relief or because the petitioner cannot meet the gatekeeping requirements of § 2255.") (citations omitted). Muza's allegations of actual innocence, which are based solely on the constitutional claims alleged in his petition, do not change that conclusion.[3]

_____

banc).

[2] Muza was sentenced on September 8, 2000, after the Supreme Court issued Apprendi. Furthermore, Stuckey's corrupt police practices were publicized in August 2000, and their potential impact on Muza's sentence was raised before the sentencing court prior to sentencing.

[3] Muza's case is distinguishable from In re Dorsainvil, in which we held that a

4

See id. (summarily affirming dismissal of § 2241 petition despite petitioner's allegations of actual innocence).

Since Muza's appeal presents no substantial question, we will summarily affirm. Given our conclusion that the District Court correctly held § 2241 to be unavailable to Muza, we need not address the abuse of the writ doctrine.

---

prisoner "who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation" could seek review under § 2241. 119 F.3d at 248. The petitioner in that case established exceptional circumstances, namely, he had been convicted for conduct subsequently deemed not to be criminal. No such circumstances exist in Muza's case.