HLD-140 (April 2011)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1683
_____

WILFREDO FLOREZ-MONTANO,
Appellant
v.

WILLIAM A. SCISM, WARDEN;
ATTORNEY GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-02404)
District Judge:  Honorable William J. Nealon
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2011
Before:  McKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed: June 2, 2011)
_____

OPINION
_____

PER CURIAM.

Wilfredo Florez-Montano, an inmate currently incarcerated at the Federal

Correctional Institution Allenwood in White Deer, Pennsylvania, appeals from an order

of the United States District Court for the Middle District of Pennsylvania dismissing his

1

petition for a writ of habeas corpus. For the following reasons, we will summarily affirm.

**I.**

On October 1, 2002, Florez-Montano was convicted by a jury in the Middle District of Florida of both possession with intent to distribute and conspiracy to possess with the intent to distribute a controlled substance while aboard a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. app. §§ 1903(a), (g) & (j) (2002). He was thereafter sentenced on February 14, 2003, to 292 months of imprisonment and 60 months of supervised release. The Court of Appeals for the Eleventh Circuit affirmed Florez-Montano's convictions and sentence on appeal. About five-and-a-half years later, Florez-Montano filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the sentencing court denied as time-barred.

Florez-Montano subsequently filed a petition for a writ of habeas corpus in the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 2241. He alleged that his convictions and sentence were unconstitutional because the sentencing court determined the identity of the controlled substance underlying his convictions by a preponderance of the evidence and used that determination to enhance his sentence, instead of submitting the issue to the jury and requiring proof beyond a reasonable doubt. The case was referred to a Magistrate Judge, who recommended dismissing the petition on the basis that relief under § 2241 was not available to Florez-Montano. The District Court adopted the Magistrate Judge's recommendation and dismissed the petition. Florez-Montano

timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and § 2253(a). "We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings." Manna v. Schultz, 591 F.3d 664, 665 (3d Cir. 2010) (per curiam). We may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Accordingly, "unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 [attacking a prisoner's conviction or sentence] cannot be entertained by the court." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); see also 28 U.S.C. § 2255(e). That standard is met "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim," and is not met simply because a § 2255 motion has been or would be unsuccessful. Cradle, 290 F.3d at 538-39.

Florez-Montano contends that § 2255 is an inadequate vehicle for his current constitutional challenge because he is relying on a change in the law that was triggered by the Supreme Court's opinion in Apprendi v. New Jersey, which held that any

3

fact that enhances a defendant's sentence other than a prior conviction must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000). Federal courts, including ours, that had previously permitted the identity of a controlled substance to be determined by the sentencing court have held, in the wake of Apprendi, that a jury must make that determination when identity of the controlled substance is used to increase the maximum sentence imposed on the defendant. See, e.g., United States v. Henry, 282 F.3d 242, 252-53 (3d Cir. 2002) (vacating sentence that exceeded lowest statutory maximum because sentencing court's determination of drug identity by a preponderance of the evidence violated Apprendi); United States v. Tinoco, 304 F.3d 1088, 1100 (11th Cir. 2002) ("There is constitutional error under *Apprendi* . . . only if the sentencing judge's factual finding actually increased the defendant's sentence above the statutory maximum . . . , and only if the fact that led to the enhanced sentence was not charged in the federal indictment or submitted to the jury for proof beyond a reasonable doubt."). Based on that change in the law, Florez-Montano contends that he is actually innocent, because no jury ever determined the identity of the substance he was convicted of possessing, and that he should be entitled to pursue his claim under § 2241.[1]

Contrary to Florez-Montano's assertion that his constitutional argument was not previously available, the change in law upon which he relies occurred before he was convicted and sentenced. Thus, he clearly could have raised his constitutional claim

---

[1] Violations of the Maritime Law Drug Enforcement Act are punishable pursuant to 21 U.S.C. § 960, see 46 U.S.C. App. §§ 1903(g) (2002), which provides penalties of varying degrees depending on the nature and quantity of the substance involved in the conviction.

before the sentencing court and on direct appeal, or via a § 2255 motion on the basis that counsel was ineffective for having failed to invoke Apprendi, assuming that counsel indeed failed to do so. Furthermore, since Apprendi does not decriminalize the conduct for which Florez-Montano was convicted, his case is distinguishable from In re Dorsainvil, 119 F.3d 245, 248 & 251-52 (3d Cir. 1997), in which we permitted the petitioner to invoke § 2241 because he alleged that had been convicted for conduct subsequently deemed by the Supreme Court not to be criminal, but could not pursue his constitutional claim via § 2255 due to AEDPA's restrictions on successive § 2255 motions.[2] See Okereke, 307 F.3d at 120-21 ("Unlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which [petitioner] was convicted, not criminal."). Thus, Florez-Montano cannot establish that § 2255 provides an inadequate and ineffective remedy such that he is entitled to pursue his claim through § 2241.

Accordingly, we will summarily affirm the judgment of the District Court because Florez-Montano's appeal does not present a substantial question.

---

[2] The provisions pursuant to which Florez-Montano was convicted have been revised and recodified at 46 U.S.C. §§ 70503 & 70506, but the law still criminalizes his conduct.