ALD-232                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2277
_____

LENWORTH PARKE,
                                                              Appellant

v.

MARK A. KIRBY, Acting Warden
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-10-cv-04673)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 8, 2011

Present: SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed: August 1, 2011)
_____

OPINION
_____

PER CURIAM

        Lenworth Parke, a prisoner incarcerated at the Federal Correctional Institution

Fairton located in Fairton, New Jersey, appeals from an order of the District Court

dismissing his habeas petition.  For the following reasons, we will summarily affirm.

I.

After a two-month trial in January and February 1993, Parke was found guilty by a jury in the United States District Court for the Northern District of New York on various drug charges and for murdering a federal law enforcement officer in an attempt to perpetrate a robbery. He was sentenced to life imprisonment. The Court of Appeals for the Second Circuit affirmed his judgment of conviction. United States v. Thomas, 34 F.3d 44, 45 (2d Cir. 1994). Parke filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, which was denied. The Second Circuit summarily affirmed on appeal. Parke v. United States, 25 F. App'x 72 (2d Cir. 2002). After unsuccessfully seeking relief pursuant to Federal Rule of Civil Procedure 60(b), see Parke v. United States, Civ. A. No. 97-526, 2006 WL 3051775, at *1 (N.D.N.Y. 2006), Parke filed three applications with the Second Circuit for permission to file a second or successive § 2255 motion, all of which were denied.

In September 2010, Parke filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey, apparently pursuant to 28 U.S.C. § 2241. He alleged that (1) his due process rights were violated because the jury was instructed that it could find him guilty of murder on a Pinkerton theory of liability, see Pinkerton v. United States, 328 U.S. 640 (1946); (2) trial and appellate counsel were ineffective for failing to challenge that jury instruction; and (3) the trial court lacked jurisdiction to try him for murder because the victim was not a federal officer, but a state officer who happened to be working with the federal Drug Enforcement Agency. Parke

2

also alleged that he is "factually innocent" because of the unconstitutional jury instruction and counsels' failure to challenge it. (Habeas Pet. 6, 8.)

The District Court sua sponte dismissed the petition for lack of jurisdiction on the basis that Parke could not invoke 28 U.S.C. § 2241 to pursue his claims and thus, his petition was in essence an unauthorized second or successive § 2255 motion. Parke timely appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and § 2253(a). "We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings." Manna v. Schultz, 591 F.3d 664, 665 (3d Cir. 2010) (per curiam). We may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Accordingly, "unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 [attacking a prisoner's conviction or sentence] cannot be entertained by the court." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); see also 28 U.S.C. § 2255(e). That standard is met "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his

3

wrongful detention claim." Cradle, 290 F.3d at 538. The mere fact that a § 2255 motion would be unsuccessful or barred by § 2255's "stringent gatekeeping requirements" is insufficient to meet the standard. Id.; see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

We agree with the District Court that Parke has not demonstrated that § 2255 would be an inadequate or ineffective vehicle for the pursuit of his claims. To the contrary, all of Parke's claims could have been raised in his first § 2255 motion since they are based on alleged constitutional error at trial and on direct appeal. Nor do Parke's claims of factual innocence, which are based solely on the constitutional claims alleged in his petition and not on a previously unavailable legal interpretation, make § 2241 available to him. See Manna, 591 F.3d at 665 (summarily affirming dismissal of § 2241 petition despite petitioner's allegations of actual innocence). In fact, Parke's petition appears to be an attempt to circumvent the Second Circuit's rulings that he cannot satisfy § 2255's gatekeeping standards, which, as noted above, does not entitle him to pursue relief through § 2241. Accordingly, Parke's petition is in essence an unauthorized second or successive § 2255 motion that the District Court properly dismissed for lack of jurisdiction. See Okereke, 307 F.3d at 120-21; see also 28 U.S.C. §§ 2244(a), 2255(h).

Since Parke's appeal does not present a substantial question, we will summarily affirm. Parke's motion in opposition to summary action is denied.

4